UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                          Chapter 7

WOLVERINE TAXI LLC, *et al*.,                                   Case No.: 17-45660 (CEC)
                                                                (Jointly Administered)

                Debtors.
-------------------------------------------------------------x
In re:                                                          Chapter 7

WRESTLER TAXI LLC, *et al*.,                                    Case No.: 17-45700 (CEC)
                                                                (Jointly Administered)

                Debtors.
-------------------------------------------------------------x
In re:                                                          Chapter 7

BROWNIE TAXI LLC, *et al*.,                                     Case No.: 17-45732 (CEC)
                                                                (Jointly Administered)

                Debtors.
-------------------------------------------------------------x
In re:                                                          Chapter 7

KABBALAH TAXI INC., *et al*.,                                   Case No.: 17-45743 (CEC)
                                                                (Jointly Administered)

                Debtors.
-------------------------------------------------------------x

**ORDER APPROVING EMPLOYMENT OF MALTZ AUCTIONS INC. AS THE CHAPTER 7 TRUSTEE'S AUCTIONEER TO AUCTION THE DEBTORS' TAXI MEDALLIONS ISSUED BY THE TAXI AND LIMOUSINE COMMISSION**

Upon the application (the "Application")[1] of Gregory Messer, the Chapter 7 Trustee (the "Trustee") of the jointly administered estates of Wolverine Taxi LLC, *et al*., Wrestler Taxi, LLC *et al*., Brownie Taxi LLC, *et al*., and Kabbalah Taxi Inc., *et al*. (collectively the "Debtors"), by his counsel, LaMonica Herbst & Maniscalco, LLP, seeking the entry of an Order, pursuant to 11 U.S.C. § 327(a) (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy

---

[1] Capitalized terms not defined herein shall have the definition ascribed to them in the Application or the Affidavit.

Procedure (the "Bankruptcy Rules"), authorizing and approving the retention of Maltz Auctions, Inc., ("Maltz"), as the Trustee's auctioneer, to market and sell the Debtors' 131 medallions issued by the Taxi and Limousine Commission (the "Medallions"), with the reservation of rights to supplement this Application to retain Maltz to market and sell other assets of the Debtors' estates including, but not limited to, the Debtors' vehicles; and upon the affidavit of Richard B. Maltz on behalf of Maltz, which is annexed to the Application (the "Affidavit"); and the Court being satisfied that: (i) Maltz neither represents nor holds any interest adverse to the Trustee of the Debtors' estates; (ii) Maltz is a "disinterested person" as that term is defined in Bankruptcy Code § 101(14); and (iii) the employment of Maltz is necessary and would be in the best interests of the estates; it is now hereby

**ORDERED**, that in accordance with Bankruptcy Code § 327(a), the Trustee is authorized to retain Maltz as his auctioneer to assist him in marketing and selling the Debtors' Medallions; and, it is further

**ORDERED**, that if a third party purchases the Debtors' Medallions in accordance with the Trustee Sale and Carve-Out Agreement, then Maltz shall be authorized to seek compensation of 2% from the estates' portion of the proceeds from the sale of the Medallions but not to exceed $3,500 per Medallion; and, it is further

**ORDERED,** that if one of the participating lenders purchases a pool (or pools) of Medallions through credit bidding in accordance with the Trustee Sale and Carve-Out Agreement, then Maltz shall be authorized to seek compensation of $1,000 per Medallion from the estates' portions of sale proceeds; and, it is further

**ORDERED**, that Maltz shall pay all marketing and internal labor expenses associated with the preparation and promotion of the auction(s) of the Medallions; and it is further

**ORDERED**, that no commissions shall be paid to Maltz for professional services rendered to the Trustee except upon proper application to, and by further order of, this Court following a hearing on notice pursuant Bankruptcy Code §§ 330 and 331, the Bankruptcy Rules, the Local Bankruptcy Rules for the Eastern District of New York, the Amended Guidelines for Fees and Disbursements for Professionals in the Eastern District of New York, and the United States Trustee Fee Guidelines; and, it is further

**ORDERED**, that the Trustee is authorized to do such things and execute such documents and expend such funds as may be necessary to effectuate the terms and conditions of this Order.

NO OBJECTION:

    William K. Harrington
    United States Trustee for Region 2

By    _/s/ Marylou Martin   4/30/18_
    Marylou Martin, Esq., Trial Attorney



Dated: Brooklyn, New York
May 18, 2018

_Carla E. Craig_
**Carla E. Craig**
**United States Bankruptcy Judge**