UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                              Chapter 7

WOLVERINE TAXI LLC, *et al.*,                                       Case No.: 17-45660 (CEC)
                                                                    (Jointly Administered)


                        Debtors.
-----------------------------------------------------------x
In re:                                                              Chapter 7

PANDA TAXI LLC, *et al.*,                                           Case No.: 17-45681 (CEC)
                                                                    (Jointly Administered)


                        Debtors.
-----------------------------------------------------------x
In re:                                                              Chapter 7

WRESTLER TAXI LLC, *et al.*,                                        Case No.: 17-45700 (CEC)
                                                                    (Jointly Administered)


                        Debtors.
-----------------------------------------------------------x
In re:                                                              Chapter 7

BROWNIE TAXI LLC, *et al.*,                                         Case No.: 17-45732 (CEC)
                                                                    (Jointly Administered)


                        Debtors.
-----------------------------------------------------------x
In re:                                                              Chapter 7

KABBALAH TAXI INC., *et al.*,                                       Case No.: 17-45743 (CEC)
                                                                    (Jointly Administered)


                        Debtors.
-----------------------------------------------------------x
In re:                                                              Chapter 7

SNOWBALL TAXI INC., *et al.*,                                       Case No.: 17-45757 (CEC)
                                                                    (Jointly Administered)

                        Debtors.
-----------------------------------------------------------x

### ORDER APPROVING THE RETENTION OF MALTZ AUCTIONS INC., D/B/A MALTZ AUCTIONS AS AUCTIONEER FOR THE TRUSTEE TO AUCTION THE <u>DEBTORS' TAXI VEHICLES</u>

Upon the application (the "<u>Application</u>")[1] of Gregory Messer, the Chapter 7 Trustee (the "<u>Trustee</u>") of the jointly administered estates of Wolverine Taxi LLC, *et al.*, Panda Taxi LLC, *et al.*, Wrestler Taxi LLC, *et al.*, Brownie Taxi LLC, *et al.*, Kabbalah Taxi Inc., *et al.*, and Snowball Taxi Inc., *et al*. (collectively the "<u>Debtors</u>"), by his counsel, LaMonica Herbst & Maniscalco, LLP, seeking the entry of an Order, pursuant to 11 U.S.C. § 327(a) (the "<u>Bankruptcy Code</u>") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") approving: i) the retention of Maltz Auctions, Inc., d/b/a Maltz Auctions, as the Trustee's auctioneer, to market and sell the Debtors' Taxi Vehicles, with the reservation of rights to supplement this Application to retain Maltz to market and sell other assets of the Debtors' estates; ii) the compensation to Maltz for the retrieval fee of $140.00 per Taxi Vehicle for the aggregate amount of $20,720.00 (140.00 x 148 Taxi Vehicles) (the "<u>Retrieval Fee</u>"); and iii) the reimbursement of the flat rate storage fee of $300.00 for the first 120 days, for the aggregate amount of $42,900.00 ($300.00 x 143 Taxi Vehicles); with an additional storage fee to be calculated at $3.00 per day over and above the 120 day storage fee thereafter for the storage of the Debtors' Taxi Vehicles at Maltz's place of business (the "<u>Storage Fee</u>"); and upon the affidavit of Richard B. Maltz, on behalf of Maltz, which is annexed to the Application (the "<u>Affidavit</u>"); and the Court being satisfied that: (i) Maltz neither represents nor holds any interest adverse to the Trustee of the Debtors' estates; (ii) Maltz is a "disinterested person" as that term is defined in Bankruptcy Code § 101(14); and (iii) the retention of Maltz is necessary and would be in the best interests of the estates; it is now hereby

---

[1] Capitalized terms not defined herein shall have the definition ascribed to them in the Application or the Affidavit.

**ORDERED**, that in accordance with Bankruptcy Code § 327(a), the retention of Maltz as the Trustee's auctioneer to assist the Trustee in marketing and selling the Debtors' Taxi Vehicles; is approved; and, it is further

**ORDERED**, that upon application to this Court, Maltz shall seek commissions and the reimbursement of expenses for its services in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of this Court including Local Rule 6005-1; and, it is further

**ORDERED**, that upon further application to this Court, Maltz shall be entitled to Retrieval Fee of $140.00 per Taxi Vehicle for an aggregate amount of $20,720.00 ($140.00 x 148 Taxi Vehicles), and shall only be paid after notice and a hearing; and, it is further,

**ORDERED**, that upon further application to this Court, Maltz shall be entitled to the Storage Fee of $300.00 for the first 120 days per Taxi Vehicle for an aggregate amount of $42,900.00 ($300.00 x 143 Taxi Vehicles), with an additional storage fee to be calculated at $3.00 per day over and above the 120 day storage fee thereafter, and shall only be paid after notice and a hearing; and, it is further

**ORDERED**, that no commissions or reimbursement of expenses shall be paid to Maltz for professional services rendered to the Trustee except upon proper application to, and by further order of, this Court following a hearing on notice pursuant Bankruptcy Code §§ 330 and 331, the Bankruptcy Rules, the Local Bankruptcy Rules for the Eastern District of New York, the Amended Guidelines for Fees and Disbursements for Professionals in the Eastern District of New York, and the United States Trustee Fee Guidelines; and, it is further

**ORDERED**, that the Trustee is authorized to do such things and execute such documents and expend such funds as may be necessary to effectuate the terms and conditions of this Order.

NO OBJECTION:

    William K. Harrington
    United States Trustee for Region 2

By    _/s/ Marylou Martin   4/30/18_
    Marylou Martin, Esq., Trial Attorney



Dated: Brooklyn, New York
May 18, 2018

_Carla E. Craig_
**Carla E. Craig**
**United States Bankruptcy Judge**