**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Gary F. Herbst, Esq.
Jacqulyn S. Loftin, Esq.
*Attorneys for Gregory M. Messer, Trustee*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:                                                                        Chapter 7

WOLVERINE TAXI LLC, *et al*.,                            Case No.: 17-45660 (CEC)
                                                                                    (Jointly Administered)

                          Debtors.
-------------------------------------------------------------x

### STIPULATION AND ORDER GRANTING LIMITED RELIEF FROM THE AUTOMATIC STAY AS IT APPLIES TO MARY BROWN

This Stipulation And Order Granting Limited Relief From The Automatic Stay is made by and between Gregory Messer, the interim Chapter 7 Trustee (the "Trustee") of the jointly administered estates of Ben-Khe Trans. Corp., Bimbo Taxi, LLC, Byblos Taxi Inc., Cartier Taxi Inc., Dragonfly Taxi Inc., Ducati Taxi Inc., Golden Beetle Taxi LLC, Grasshopper Taxi LLC, Jolly Hacking Corp., London Taxi LLC, Moth Taxi LLC, NY Kind Taxi Corp., Pelican Taxi LLC, Privet Taxi Inc., Purlie Trans Corp., Saint Tropez Taxi Inc., Split Transit Inc., Trestomos Trans Inc., Wasp Taxi LLC and Wolverine Taxi LLC (collectively the "Debtors"), and MARY BROWN ("MARY BROWN" and, together with the Trustee, the "Parties"), acting by and through their undersigned counsel.

### RECITALS

A.     On June 19, 2017, the Debtors each filed separate voluntary petitions for relief pursuant to Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court, District of New Jersey (the "Court").

B.      By Order dated June 28, 2017 [Dkt No. 25], the Debtors' cases were jointly administered under Wolverine Taxi LLC [Case No. 17-22500 (VFP)].

C.      On October 30, 2017, the Debtors cases were transferred to the United States Bankruptcy Court, Eastern District of New York.

D.      By Order dated January 8, 2018 [Dkt. No. 190], the Debtors' cases were converted to ones under Chapter 7 of the Bankruptcy Code.

E.      By Notice of Appointment dated January 10, 2018 [Dkt. No. 192], Gregory Messer was appointed as the interim Chapter 7 Trustee of the Debtors' estates, has since duly qualified and the permanent Trustee administering the estates.

F.      Prior to the Filing Date, an action was commenced by MARY BROWN in the Supreme Court of the State of New York, Kings County, against, among others, one or more of the Debtors [Index No. 513836/2016] (the "Action").

G.      MARY BROWN seeks relief from the automatic stay pursuant to Bankruptcy Code § 362(a) to permit the prosecution of the Action, but only to the extent of the Debtors' existing insurance coverage insofar as such proceeds are not an asset of the Debtors' estates or otherwise available to the creditor body.

H.      The Trustee has no objection to the continuation of the Action on the terms and conditions set forth herein.

## TERMS AND CONDITIONS

1.      The automatic stay is hereby modified to permit MARY BROWN to continue the prosecution of the Action but only to the extent of the limits of existing insurance coverage that may be applicable to the Action, provided, however, that any settlement of the Action, or judgment rendered in the Action, may not exceed the applicable limits for any such insurance coverage, and

provided further that the Trustee shall have no obligation to take part in, spend time on or expend any assets of Debtors' estates in connection with any aspect of the Action including, without limitation, appearing as a witness in any conference, hearing or examination or responding to discovery requests.

2. MARY BROWN hereby waives and releases any and all claims MARY BROWN may have: (a) against the Debtors' estates, whether filed or unfiled, and any right to file a proof of claim for any amount in excess of the insurance coverage or any amounts within any insurance deductibles or self-insured retentions; and (b) against the Trustee's and/or Debtors' insurance carrier(s) for any amount in excess of available insurance coverage or any amounts within any applicable insurance deductible or self-insured retention.

3. Nothing contained in this Stipulation is intended to be or should be construed as an admission of liability by the Trustee, the Debtors and/or any of their respective employees named in the Action (the "Covered Employees") with respect to the allegations related to any of the claims asserted therein who may be entitled to coverage under any applicable insurance policies, and all the rights, claims and defenses of any Covered Employees with respect to the Action are hereby expressly reserved.

4. Nothing in this Stipulation is intended to, or does, modify or alter the contractual rights and obligations provided for under the terms and provisions of any relevant insurance policy(ies).

5. Neither this Stipulation nor any actions taken pursuant hereto shall constitute evidence admissible against the Parties in any action other than one to enforce the terms of this Stipulation.

6. This Stipulation shall be binding upon and inure to the benefit of the Parties and their respective heirs, successors and assigns, executors, administrators and legal representatives.

7. This Stipulation may only be amended or otherwise modified by a signed writing executed by the Parties or by further order of the Bankruptcy Court.

8. The Parties represent and warrant to each other that the signatories to this Stipulation are authorized to execute the Stipulation, that each has full power and authority to enter into this Stipulation and that this Stipulation is duly executed and delivered, and constitutes a valid, binding agreement in accordance with its terms, provided that, with respect to the Trustee, this Stipulation requires approval of the Bankruptcy Court.

9. This Stipulation constitutes the entire agreement and understanding between the Parties with respect to its subject matter and supersedes all previous or contemporaneous oral or written representations, understandings or agreements with respect thereto.

10. This Stipulation may be executed in counterparts and each such counterpart together with the others shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copy, copies or facsimiles signed by the Party to be charged.

11. The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from or related to this Stipulation.

12. This Stipulation shall be governed by the laws of the State of New York and to the extent applicable, the Bankruptcy Code without regard to the State of New York's rules governing the conflict of laws.

13. This Stipulation shall not be effective until it is so ordered by the Bankruptcy Court.

Dated: June 5, 2018
      Wantagh, New York      **LaMONICA HERBST & MANISCALCO, LLP**
                                            Counsel to Gregory M. Messer, as Trustee

By:   *s/ Jacqulyn S. Loftin*
       Jacqulyn S. Loftin
       Partner
       3305 Jerusalem Avenue
       Wantagh, New York 11793
       Telephone: 516.826.6500

Dated: June 5, 2018
      New York, New York      *s/ Jesse Barab*
                                           JESSE BARAB, ESQ.
                                           Attorney for plaintiff
                                           MARY BROWN
                                           519 West 179th Street, 2nd Floor
                                           New York, NY 10033
                                           212-781-633



**Dated: Brooklyn, New York**
**June 14, 2018**
                                                                         **Carla E. Craig**
                                                            **United States Bankruptcy Judge**